*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1776**


Jerry Delaney, Jr., petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.


**Filed May 9, 2016
Affirmed
Bjorkman, Judge**


Ramsey County District Court
File No. 62-CR-09-8660

Cathryn Middlebrook, Chief Appellate Public Defender, Veronica May Surges, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Kaarin Long, Assistant County Attorney, St. Paul, Minnesota (for respondent)

        Considered and decided by Peterson, Presiding Judge; Bjorkman, Judge; and

Rodenberg, Judge.

UNPUBLISHED OPINION

**BJORKMAN**, Judge

Appellant challenges the denial of his postconviction petition, arguing that his petition meets the interests-of-justice exception to the two-year filing deadline because a manifest injustice occurred in connection with his guilty plea. We affirm.

## FACTS

On May 4, 2009, the Minnesota State Patrol received a report that appellant Jerry Delaney, Jr. was pointing a gun at another vehicle while traveling on Interstate 694 near White Bear Lake. Complainant B.J.K. informed law enforcement that Delaney's vehicle approached, at a high rate of speed, the vehicle his daughter, J.R.K., was driving. Delaney swerved multiple times, then began to pass B.J.K.'s vehicle. As he did so, Delaney lowered his window, pointed a gun at B.J.K. and J.R.K, and yelled at them about driving too slow.

Law enforcement located and stopped Delaney's vehicle. During the stop, the troopers recovered a handgun located partially under the driver's seat. Delaney admitted to "tailgating" B.J.K.'s vehicle, but denied pointing the gun at any vehicle.

Delaney was charged with two counts of making terroristic threats and two counts of second-degree assault. The case was tried to a jury, but ended in a mistrial. Six months later, Delaney pleaded guilty to one count of second-degree assault. The district court stayed execution of a 36-month sentence.

On February 5, 2013, the district court revoked Delaney's probation and executed his sentence. Delaney appealed, arguing that the district court denied him his due-process right to testify at the revocation hearing and failed to make findings that revocation was

warranted. We reversed and remanded with instructions for the district court to give Delaney the opportunity to address the court. *State v. Delaney*, No. A13-0680, 2013 WL 6198285, at *2-3 (Minn. App. Nov. 25, 2013). On remand, the district court again executed Delaney's sentence.

On July 2, 2015, Delaney filed a petition for postconviction relief arguing that a manifest injustice occurred during his guilty plea proceeding because his lawyer was ineffective, the state illegally acquired evidence, and the judge was biased. The district court denied the petition without an evidentiary hearing, concluding that it was untimely and lacked merit. Delaney appeals.

## DECISION

A district court "must allow a defendant to withdraw a guilty plea upon a timely motion and proof to the satisfaction of the [district] court that withdrawal is necessary to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1. When a motion to withdraw a guilty plea is made after sentencing, it must be raised in a petition for postconviction relief, and is therefore subject to the timeliness requirements in Minn. Stat. § 590.01, subd. 4(a)-(c) (2014). *Lussier v. State*, 821 N.W.2d 581, 586 n.2 (Minn. 2012). A petition for postconviction relief must be filed within two years of "the entry of judgment of conviction or sentence if no direct appeal is filed." Minn. Stat. § 590.01, subd. 4(a)(1). But an otherwise untimely petition may proceed if "the petitioner establishes to the satisfaction of the court that the petition is not frivolous and is in the interests of justice." *Id.*, subd. 4(b)(5). The interests-of-justice exception applies when an injustice caused the petitioner to miss the two-year filing deadline. *Sanchez v. State*, 816 N.W.2d 550, 557

3

(Minn. 2012). In other words, the interests of justice relate to the reason the petition was untimely, not the substantive claims advanced in the petition. *Id.*; *see also* Minn. Stat. § 590.01, subd. 4(c) (petitions invoking the interests-of-justice exception "must be filed within two years of the date the claim arises").

We review the denial of a postconviction petition for an abuse of discretion. *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012). An abuse of discretion occurs when a postconviction court's decision is based on an erroneous view of the law or is against logic and the facts in the record. *Id.*

Delaney argues that the district court abused its discretion by declining to apply the interests-of-justice exception. Delaney's conviction was final in 2010. He acknowledges that his 2015 petition was untimely but contends that a manifest injustice during his guilty-plea hearing implicates the interests of justice. We are not persuaded. Delaney's petition wholly fails to address the reason why he did not meet the two-year filing deadline. All of the issues Delaney raises regarding his guilty plea—judicial bias, illegally acquired evidence, and ineffective assistance of counsel—would have been known to him at the time he pleaded guilty. He does not contend otherwise. Because the only injustice Delaney claims is identical to the substance of his petition, which rests on events that occurred before his conviction was final, the interests-of-justice exception does not apply. *Sanchez*, 816 N.W.2d at 557. And because Delaney's petition was untimely, we conclude that the district court did not abuse its discretion by denying the petition.

**Affirmed.**

4